NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH G. SARGENT, | : | |
| | : | |
| Plaintiff, | : | Civil No. 13-4918 (JBS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN HOLLINGSWORTH, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Joseph G. Sargent, *Plaintiff Pro Se*
515 Woodland Road
Pittsburgh, PA 15237

David Vincent Bober, Asst. U.S. Attorney
Office of the United States Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Defendants

**SIMANDLE, Chief Judge**

Defendants Hollingsworth, United States, Wittenour, and Zickefoose filed a Motion to Dismiss the Complaint (Docket Item 16) in this civil case commenced by Plaintiff pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Plaintiff filed opposition to the motion (Docket Item 17) and a letter asking that all Defendants to be dismissed from the case, except for the United States (Docket Item 18). All papers have been

reviewed. For the following reasons, the Court will honor Plaintiff's request to dismiss all defendants except the United States, and the Motion to Dismiss will be granted.

## BACKGROUND

Plaintiff submitted this civil complaint while housed at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey, alleging that on June 25, 2012, an inmate tried to extort and assault him. (Complt., ¶ 5(a)). Plaintiff asserts that the Unit Manager "negligently failed" to protect him by refusing to place him in protective custody, and that there was inadequate supervision by correctional officers in the area of the assault. (*Id.*). As a result of the assault, Plaintiff suffered injuries.

About a week later, on July 3, 2012, Plaintiff was transferred to the "West Compound" of FCI Fort Dix. Plaintiff alleges that this transfer was negligent because inmates in the West Compound knew he was a "snitch." Plaintiff avers that he should have been transferred to another prison. (Complt., ¶ 5(c)).

On October 14, 2012, Plaintiff wrote in his diary that members of the "Bloods" gang had threatened to stab him. According to Plaintiff, prison staff had access to the diary, and refused to place him in protective custody. Two weeks later, during Hurricane Sandy, the facility lost power, and Plaintiff

2

was attacked during the blackout by "5 masked men." (Complt., ¶ 5(e)). Plaintiff notes that a month earlier during a blackout, another inmate had been stabbed, inferring that "having only one correctional officer in a three story housing unit with no power is negligently insufficient security." (*Id.*). Plaintiff suffered injuries in the blackout attack during Hurricane Sandy. (*Id.*).

Plaintiff filed an FTCA claim seeking $10,000 in damages for the two physical assaults at Fort Dix. His claim was denied by the Bureau of Prisons on May 31, 2013, and this complaint followed. Summonses were issued, Defendants, in lieu of an Answer, filed this Motion to Dismiss.

## DISCUSSION

Plaintiff asserts that the United States is liable under the FTCA for their failure to provide an adequate level of safety for him, as required by 18 U.S.C. § 4042(a), as evidenced by their decision to house him in the "West Compound" instead of in protective custody, and by failure to provide proper staffing and supervision by correctional officers.

The United States has sovereign immunity except where it consents to be sued. *See United States v. Bormes*, --- U.S. ----, ----, 133 S. Ct. 12, 16, 184 L. Ed.2d 317 (2012); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States. *See FDIC v. Meyer*, 510 U.S.

3

471, 484-87 (1994).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, constitutes a limited waiver of the sovereign immunity of the United States. *See* 28 U.S.C. § 2679(b)(1); *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); *see also CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)); *United States v. Muniz*, 374 U.S. 150 (1963).

Constitutional violations are not cognizable under the FTCA; instead, claims under the FTCA are governed by the substantive tort law of the state where the acts or omissions occurred, here, New Jersey. *See FDIC v. Meyer*, 510 U.S. at 477-78; *Richards v. United States*, 369 U.S. 1, 6 (1962); *Webb v. Desan*, 250 F. App'x 468 (3d Cir. 2007); *Ciccarone v. United States*, 486 F.2d 253, 257 (3d Cir. 1973); *Shuster v. Cabanas*,

Civil Action No. 11-1764, 2013 WL 3783891, *4 (D.N.J. July 19, 2013).[1]

The FTCA, however, does not encompass all torts committed by federal government employees. Rather, the "discretionary function" exception provides that the provisions of the FTCA shall not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To determine whether the discretionary function exception applies, a court must determine (1) "whether the act involves an 'element of judgment or choice,'" and (2), if so, "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" *Mitchell v. United States*, 225 F.3d 361 (3d Cir. 2000) (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). More specifically, with respect to the second requirement, the discretionary function exception "protects only governmental

---

[1] Thus, as an initial matter, Plaintiff would need to show the typical elements of the tort of negligence under New Jersey law: (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. *See generally Natale v. Camden County Correctional Facility*, 318 F.3d 575, 579 and n.3 (3d Cir. 2003); *Weinberg v. Dinger*, 106 N.J. 469, 484, 524 A.2d 366 (1987).

actions and decisions based on considerations of public policy." *Berkovitz v. United States,* 486 U.S. 531, 537 (1988). *See generally S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329 (3d Cir. 2012). "It is presumed that an agent's acts are grounded in policy when exercising discretion, but this presumption can be rebutted." *Gray v. United States*, 486 F. App'x 975, 977 (3d Cir. 2012) (citation omitted).

While federal law requires the Bureau of Prisons to "provide for the safekeeping, care, and subsistence" of all persons within its custody, 18 U.S.C. § 4042(a)(2), the statute leaves the implementation of these duties to BOP officials' discretion. *See Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998), *cited in Thrower v. United States*, 528 F. App'x 108, 111 (3d Cir. 2013) and *Rinaldi v. United States*, 460 F. App'x 80, 81–82 (3d Cir. 2012).

Here, the conduct at issue is Defendants' failure to respond to Plaintiff's reports of threats (in his diary) and his preference for protective custody or transfer.  Plaintiff has pointed to no federal statute, regulation, or policy prescribing a specific course of action to be followed when a prisoner reports threats from another inmate.  Accordingly, the discretionary function exception applies, and the Motion to Dismiss for lack of jurisdiction will be granted.  *Cf., e.g., Thrower v. United States*, 528 F. App'x 108, 111 (3d Cir.

6

2013)(finding that "a judgment as to the best way to protect prisoners from attack by others 'is of the kind that the discretionary function exception was designed to shield.'"); *Donaldson v. United States*, 281 F. App'x 75, 77-78 (3d Cir. 2008)(same, and adding "courts of appeals have applied the discretionary function exception to bar an inmate's claims for injuries he received while incarcerated"); *Smith v. United States*, Civil Action No. 08-2806, 2009 WL 2059421 (D.N.J. July 7, 2009)(same, and adding "no federal statute, regulation, or policy required FCI Fairton staff to take a particular course of action to ensure Plaintiff's safety from attacks by other inmates. . . . the placement of officers throughout the prison was a matter of [the Warden's] judgment.")

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss will be granted and the Complaint will be dismissed. An appropriate Order follows.

                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE, Chief Judge
                                           United States District Court

Dated:   **December 15, 2014**

7